IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOE LOUIS AMERSON, #36217                                                PLAINTIFF

VS.                                                 CIVIL ACTION NO. 2:08cv249-KS-MTP

CHRISTOPHER B. EPPS, ET AL.                                             DEFENDANTS

## SCHEDULING AND CASE MANAGEMENT ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on August 26, 2009. Plaintiff appeared *pro se*, and Pelicia Hall appeared on behalf of the Defendants. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The court's purpose in conducting the hearing is to ensure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. Based on the testimony given at the hearing, the court screened this matter pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] After

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Section 1915(e)(2) states as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

1

due consideration of the issues involved in this case and the requests for discovery,

**THE COURT DOES HEREBY FIND AND ORDER AS FOLLOWS**:

### JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claims occurred while he was an inmate at the South Mississippi Correctional Institution ("SMCI"). He is currently incarcerated at the Central Mississippi Correctional Facility serving a fifteen-year sentence after having been convicted of robbery in Lauderdale County. Plaintiff's claims were clarified and amended by his sworn testimony during the *Spears* hearing;[3] accordingly, only the following claim remains pending before the court and no further amendments will be allowed absent a showing of good cause so that this case may proceed to disposition:

Plaintiff alleges a claim against Laura Stewart Tilley for denial of access to the courts in violation of the First Amendment. Specifically, he claims that Ms. Tilley lost and/or misplaced his petition for post-conviction collateral relief, and the Lauderdale County Circuit Court never received it.[4]

### DISCOVERY AND OTHER ISSUES

1. Defendants are directed to produce to Plaintiff a copy of the MDOC's mail policy within thirty days.

---

28 U.S.C. § 1915(e)(2)(B).

[3]*See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[4]Plaintiff also alleged similar claims against Christopher Epps, Ronald King, and Johnnie Denmark. For the reasons stated during the hearing, the undersigned intends to issue a report recommending that the claims against these Defendants be dismissed, as they fail to state a claim on which relief may be granted.

2. There are no other discovery issues pending at this time. The discovery allowed herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3. Plaintiff's Motion to Amend [25] is GRANTED in part and DENIED in part. The motion is granted to the extent he requests a jury trial and amends the relief requested. The motion is denied in all other respects.

4. Defendants' Motion to Strike [26] Plaintiff's Response [21] to their answer and defenses is GRANTED. *See* Fed. R. Civ. P. 7(a) (emphasis added) (stating that only the following pleadings are allowed under the Federal Rules: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) **if the court orders one, a reply to an answer**.")

5. The deadline for filing motions (other than motions in limine) is November 1, 2009.

6. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED AND ADJUDGED this the 26th day of August, 2009.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge