# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JOE LOUIS AMERSON, #36217**                                                    **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 2:08cv249-KS-MTP**

**CHRISTOPHER B. EPPS, ET AL.**                                              **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Motion for Sanctions [35] filed by Plaintiff. The court having considered the matter finds that the motion should be DENIED.

In his Motion for Sanctions [35], Plaintiff asks the court to sanction Defendants for failing to produce documents in accordance with the court's Scheduling and Case Management Order [28]. Plaintiff also seeks a copy of the transcript from his *Spears*[1] hearing and seeks to take the depositions of Jean Kirkwood, SMCI Postal Director, and Latasha Clay, Legal Assistance Director at SMCI. In addition to sanctions, Plaintiff seeks various injunctive relief. In the alternative, Plaintiff moves "defendants" to settle the case for monetary and injunctive relief.

On August 26, 2009, the parties appeared before the court for a *Spears* hearing, which also served as a scheduling/case management hearing and discovery conference. During the hearing, the court addressed the parties' discovery requests. At the conclusion of the hearing, the court ordered Defendants to produce to Plaintiff a copy of the MDOC's mail policy. *See* Scheduling and Case Management Order [28]. Based on the record and the Defendants' representations in their Response [36], Defendants have produced to Plaintiff the documents required by the court's Scheduling and Case Management Order [28]. *See* Notice [29]; Response [36].

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

The court finds that the additional discovery requests, including the requests for depositions, set forth in Plaintiff's Motion [35] are unnecessary and/or not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b). The court addressed the parties' discovery requests at the *Spears* hearing over a month ago. After hearing testimony from the Plaintiff at the *Spears* hearing, the court concluded that the aforementioned discovery would fairly and adequately develop the issues to be presented to the court, and that no other discovery was deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Scheduling and Case Management Order [28].

Plaintiff also requests a free copy of the transcript from his omnibus hearing that took place on August 26, 2009. An indigent prisoner does not have a constitutional right to free copies of transcripts of court proceedings in order to search for possible defects. *See United States v. Herrera*, 474 F.2d 1049, 1049 (1973); *Wright v. Curry*, 122 Fed. App'x 724, No. 04-10304, 2004 WL 2977437, at *1 (5th Cir. Dec. 17, 1994). Plaintiff has failed to specify any particular need for his transcript to prosecute his case, and has failed to present a substantial question for disposition; thus, the motion must be denied. *See* 28 U.S.C. § 753(f); *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985).

Regarding the settlement demand by Plaintiff, while the court encourages parties to participate in settlement discussions, the court cannot order or direct any party to accept a settlement demand. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [35] is DENIED.

SO ORDERED this the 16th day of October, 2009.

s/ Michael T. Parker
United States Magistrate Judge