IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JOE LOUIS AMERSON, #36217**                                                              **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO. 2:08cv249-KS-MTP**

**CHRISTOPHER B. EPPS, ET AL.**                                                           **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Plaintiff's Motion for Discovery [50], Motion to Compel [58], and Motion for Retaliation [59]. The court having considered the matter finds that the motions should be DENIED.

In his Motion for Discovery [50], it appears that Plaintiff is asking the court to sanction Defendants for failing to produce documents in accordance with the court's Scheduling and Case Management Order [28], specifically the MDOC mail policy, No. 31-01-01. This is the third motion for sanctions/motion to compel Plaintiff has filed on this issue. *See* Motions [35][44]. Although unclear, it also appears that Plaintiff seeks to take the deposition of Christopher Epps. Further, Plaintiff includes in his motion 27 interrogatories to Defendant Laura Stewart Tilley, parties that have been dismissed, and non-parties including Bill O'Reilly and Senator Thad Cochran. Finally, Plaintiff rambles on about embezzlement, fraud and perjury allegedly committed by Judge Bobby DeLaughter, Diggy (sic) Scruggs, and others who have nothing to do with this action.

The court has previously addressed Plaintiff's discovery requests, including document production and depositions. *See* Orders [28][32][39][47]. Based on the record and the Defendant's representations, Defendant has produced to Plaintiff the documents required by the court's Scheduling and Case Management Order [28], including the mail policy. *See* Notice [29];

Responses [46][49]. Indeed, in her Response [49] dated January 11, 2010, Defendant indicates that she attempted to hand-deliver a copy of the MDOC mail policy to Plaintiff, but he refused to accept it. *See* Response and Exhibits [49].

In his Motion to Compel [58], Plaintiff seeks production of documents relating to the maintenance of the building where he is housed. Plaintiff apparently complains about not having hot water on several occasions. These issues are not before the court in this matter and have nothing to do with the instant complaint. Accordingly, the motion should be denied.

In his Motion for Retaliation [59], Plaintiff again complains that Defendant has not produced the mail policy and apparently seeks sanctions against Defendant and/or her counsel. This issue is addressed above. Plaintiff further complains about an incident involving Thelma Morgan, who is not a party in this action, that occurred in September 2009 regarding the alleged denial of access to his legal material. Plaintiff claims this is retaliation. He further complains about the denial of hot water and the uncleanliness of the prison facility. These issues are not before the court in this action and have nothing to do with the instant complaint. Accordingly, the motion should be denied.

The court has addressed Plaintiff's discovery requests on numerous occasions and held an omnibus hearing to consider discovery requests. No further discovery is needed and none will be allowed. Plaintiff's requests for additional discovery are both untimely and unnecessary to address the remaining issues.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Discovery [50], Motion to Compel [58], and Motion for Retaliation [59] are DENIED.

SO ORDERED this the 3rd day of February, 2010.

s/ Michael T. Parker
United States Magistrate Judge