IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOE LOUIS AMERSON                                    PLAINTIFF

VS.                                      CIVIL ACTION NO. 2:08cv249-KS-MTP

CHRISTOPHER B. EPPS, ET AL.                                    DEFENDANT

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

THIS MATTER is before the court on the only remaining Defendant, Laura Tilley's, Motion for Summary Judgment [54]; Report and Recommendation filed by Magistrate Judge Michael T. Parker [69]; Objection thereto filed by Plaintiff Amerson [70]; and the Court does hereby find as follows:

## I. PROCEDURAL HISTORY

Plaintiff Joe Louis Amerson, proceeding *pro se* and *in forma pauperis*, filed his civil rights complaint [1] on November 19, 2008. As set forth in his complaint and as clarified during his *Spears*[1] hearing, Plaintiff asserts a claim against Defendant Laura Stewart Tilley for denial of access to the courts in violation of the First Amendment. Specifically, he claims that Ms. Tilley lost and/or misplaced his petition for post-conviction collateral relief, and the Lauderdale County Circuit Court never received it. *See* Scheduling and Case Management Order [28]. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"). Plaintiff is currently incarcerated at the Central Mississippi Correctional Facility ("CMCF"), serving a fifteen-year sentence after having been convicted of robbery in

Lauderdale County. On January 25, 2010, Defendant filed her Motion for Summary Judgment [54]. Plaintiff filed his Responses [66][67] in opposition to the Motion [54] on February 23, 2010. Magistrate Judge Michael T. Parker entered his Report and Recommendation [69] on February 24, 2010, in which he recommended that the Defendant's Motion for Summary Judgement be granted. The Plaintiff filed his Objections to the Report and Recommendation on March 15, 2010.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objection to the Report and Recommendation, the Plaintiff has failed to assert any valid objection. His Objection [70] merely reasserts facts and arguments already considered by the Court. *See* Orders [39][47][60]. Additionally, the Plaintiff argues that Ms. Tilley breached her duty to follow numerous MDOC policies relating to the mailing of his petition for post-trial collateral relief, and the Plaintiff makes other general assertions of Ms. Tilley's failure to follow MDOC policy. *See* [70] at 7. Specifically, the Plaintiff asserts that Ms. Tilley "[f]ailed to ensure a safe environment for the Plaintiff Amerson by bring [sic] mental anguish causing physical disabilities. This is assault and battery. . . ." *See* [70] at 8.

Notwithstanding the Plaintiff's Objections [70], as stated in the Report and Recommendation, the Plaintiff has failed to show actual injury resulting for the alleged failure of Ms. Tilley to abide by any policy that may have been in place. The incurrence of actual injury or prejudice is requisite to a claim for denial of access to courts. As Magistrate Judge Parker correctly stated, "[E]ven if an act or omission by Ms. Tilley did prevent Plaintiff's original petition from reaching the Lauderdale County Circuit Court, Plaintiff has failed to show an actual injury caused by Ms. Tilley's alleged acts." *See* [69] at 6, (citations ommitted).

### IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Amerson's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the

facts and the correct analysis of the law in all regards.  Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.  Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and the Defendant's motion is **granted** and this action is hereby **dismissed with prejudice**.

SO ORDERED AND ADJUDGED on this, the 13th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE